**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| HERMAN L. BANKS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:21-CV-302-JVB-JEM |
| ) | |
| BROCK BRNICKY, *et al.*, ) | |
| Defendants. ) | |

## OPINION AND ORDER

Herman L. Banks, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Because Mr. Banks is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Banks alleges that on September 29, 2019, he was sitting in his car outside the Buzz Box Club in Gary, Indiana. Someone called the police to report that there was a man who had been sitting in a vehicle outside the club, and the caller "didn't know if they were injured or what was wrong with them." (ECF 1 at 3.) Two Gary police officers responded to the dispatch call, and according to Mr. Banks, they blocked his vehicle, opened his car door without his permission, and prevented him from leaving even though he assured them he was fine. Further discussions with police led to a search of his vehicle, and the search led to the discovery of a "firearm magazine, a firearm, a firearm holster, and an additional firearm magazine." (*Id.* at 4.) He claims that the police violated his Fourth and Fourteenth Amendment rights during this incident by exceeding the scope of a *Terry* stop, unlawfully seizing him and searching his vehicle, "fabricating a story to create

probable cause," and arresting him without probable cause. He seeks compensatory and punitive damages against the police officers involved and their employer. (*Id.* at 16.)

Public records reflect that as a result of his arrest by Gary police on September 29, 2019, Mr. Banks is presently under indictment in this District for unlawful possession of a weapon and ammunition as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] *See United States v. Banks*, 2:19-CR-128-JTM-JPK (N.D. Ind. filed Oct. 7, 2019). In the criminal case, he is litigating many of the same issues he raises in his civil lawsuit regarding the propriety of the police officers' actions, including whether they exceeded the scope of a *Terry* stop, whether they had probable cause to search his vehicle, and whether they had probable cause to arrest him. *Id.*, ECF 69, 75. The charge against him remains pending, and a jury trial is currently scheduled for April 18, 2022. *Id.*, ECF 91.

As outlined above, Mr. Banks is trying to litigate the same issues in two forums at the same time.[2] Permitting such "parallel civil litigation" runs counter to "core principles of . . . comity, consistency, and judicial economy." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). Allowing the civil case to proceed while the criminal case is ongoing also "opens up another can of worms, because civil discovery is much broader than criminal discovery—that is, criminal defendants can learn a lot more about the prosecution's case through civil discovery than they otherwise would be able to in the criminal case alone." *Commodity Futures Trading Comm'n v. Nowak*, No. 19-CV-6163, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). As another court has recognized, "The

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

[2] Notably, Mr. Banks appears to be making conflicting allegations in the criminal and civil cases. In the civil case, he asserts that he was not intoxicated and that the police had no reason to believe that he was or to prevent him from driving away after he assured them he was fine; in the criminal case, by contrast, he claims that he was still so intoxicated during an interrogation nine hours after his arrest that statements he made were not voluntary. *See Banks*, 2:19-CR-128-JTM-JPK, ECF 69 at 7-8.

distinction between the two discovery protocols is not idle: criminal discovery is narrower because of concerns that criminal defendants may use this information to impede investigations into them, tamper with witnesses, or craft more airtight perjured testimony." *Id.*

Mr. Banks's claim that the officers fabricated evidence to use against him poses particular problems. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Thus, a claim alleging fabricated evidence or other forms of wrongful prosecution cannot be brought while criminal proceedings are ongoing, and instead accrues only when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*." *McDonough*, 139 S. Ct. at 2158.

The Supreme Court has directed that "[i]f a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended."[3] *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would

---

[3] The Seventh Circuit has instructed district courts to apply *Younger* abstention where a civil rights lawsuit overlaps with a pending criminal case. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). However, the *Younger* doctrine applies to federal interference with ongoing *state* proceedings, whereas Mr. Banks's criminal case is pending in federal court.

impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id*. at 394.

That is the course the court will pursue here. This case will be stayed until such time as the pending criminal case is resolved. If Mr. Banks wishes to proceed with this civil lawsuit, he must move to lift the stay within 30 days after judgment is entered in the criminal case. Depending on the outcome of the criminal case, the court will determine at that time whether his claims in this civil lawsuit may proceed. *See Wallace*, 549 U.S. at 394.

For these reasons, this action is STAYED pending the resolution of *United States v. Banks*, 2:19-CR-128-JTM-JPK (N.D. Ind. filed Oct. 7, 2019). Plaintiff is **ORDERED** to file a motion to lift the stay within 30 days after judgment is entered in the criminal case. He is **CAUTIONED** that if he does not do so, the stay will be converted to a dismissal without prejudice. The clerk is **DIRECTED** to **STATISTICALLY CLOSE** this case.

SO ORDERED on January 11, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT